48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 COVIA PARTNERSHIP, Plaintiff-Appellee,
v.
Donald TESTA, dba: Trips Ahoy Travel, Defendant-Appellant.
 No. 94-55913.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Testa appeals the district court's summary judgment in favor of Covia Partnership ("Covia") in Covia's diversity action for breach of a Subscription Services Agreement ("Agreement"). Under the Agreement, Covia allowed Testa's travel agency, Trips Ahoy, to use Covia's computer airline reservation system. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Testa contends that a genuine issue of material fact exists due to Covia's alleged breach of contract. Specifically, Testa alleges that Covia breached its contractual obligations when it allegedly failed to provide certain computer hardware. This contention lacks merit. Testa failed to produce any evidence to the district court in support of this allegation. Id. In opposing a motion for summary judgment, a party may not merely rely on its pleadings. See Fed.R.Civ.P. 56(e). Further, despite Testa's assertion, the terms of the Agreement do not require Covia to provide the computer hardware.
 
 
 5
 Testa also contends that a genuine issue of material fact exists because the liquidated damages provision of the Agreement is invalid. This contention lacks merit. The Agreement contains a choice of law clause which provides that Illinois law applies in the event of a dispute. "To be valid under Illinois law a liquidation of damages must be a reasonable estimate at the time of contracting of the likely damages from breach, and the need for estimation at that time must be shown by reference to the likely difficulty of measuring the actual damages from a breach of contract after the breach occurs." Lake River Corp. v. Carborundum Co., 769 F.2d 1284, 1289-90 (7th Cir.1985). "[U]nder Illinois law, the burden of proving that a liquidated damages clause is void as a penalty rests with the party resisting its enforcement." Yockey v. Horn, 880 F.2d 945, 952 (7th Cir.1989) (citing Pav-Saver Corp. v. Vasso Corp., 493 N.E.2d 423, 427 (1986)).
 
 
 6
 Testa failed to produce sufficient evidence to establish the existence of any elements that are essential to prove that the liquidated damages clause was invalid. See Celotex, 477 U.S. at 322; Yockey, 880 F.2d at 952. Testa only set forth nonbinding precedent in the form of an unpublished district court opinion and a Department of Transportation Report. These authorities do not provide any basis for determining that the liquidated damages clause is invalid. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3